IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-00944-RBJ

ROBERT E. MILLER,

      Plaintiff,

v.

THE US DEPARTMENT OF THE NAVY, Office of Human Resource,

      Defendant.

---

## ORDER

---

This matter arises before the Court on Defendant's Motion to Dismiss [ECF No. 34]. The defendant alleges that this Court lacks subject matter jurisdiction over this case or, in the alternative, that the plaintiff has failed to state a claim upon which relief can be granted. The Court agrees that it lacks jurisdiction to hear this case and therefore dismisses the case without prejudice.[1]

## BACKGROUND

This case arises from Mr. Miller's failed attempt to gain employment with the United States Department of the Navy. In August 2012 the Navy advertised a position for a Logistics Management Specialist pursuant to its Expedited Hiring Authority. This job was open for applications for two days. Though Mr. Miller applied for the job, he was not selected on the grounds that he was found ineligible for failing to meet the Quality Ranking Factor provided for

---

[1] *See* Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216–17 (10th Cir. 2006) (noting that dismissal on jurisdictional grounds should be made without prejudice).

in the application description.  In his Complaint, Mr. Miller alleges that the Navy discriminated against him by "denying me fair access to compete for a job."  [ECF No. 1 at 2, ¶ 4 ("Background and Facts of the Case")][2].  He alleges that the Navy failed to follow a number of procedures and guidelines, specifically that the Navy pre-determined and pre-selected the persons who were awarded the position; it used false, misleading, and incorrect information to restrict and confuse the job applicant pool; it restricted the application period to less than five days without authorization; and it "illegally" used a Quality Ranking Factor to make applicants ineligible for the position in violation of the Expedited Hiring Authority guidelines.  *Id.* at 2, ¶¶ 1–8 ("Claims for Relief and Supporting Factual Allegations").

The Complaint asserts that this Court has jurisdiction under 5 U.S.C. § 2302(b)(1)–(b)(12) and, alternatively, simply because the defendant is an agency of the United States government.  *Id.* at 1, ¶ 3.  Mr. Miller has also attested that he exhausted all of his administrative remedies before filing in this Court, specifically by filing a complaint with the United States Merit Systems Protection Board ("MSPB") and directly appealing that decision to the Assistant Secretary of the Navy (Manpower and Reserve Affairs).  *Id.* at 2, ¶ 4 ("Background and Facts of the Case").  The government submits that as to the MSPB decision, Mr. Miller is bound to file an appeal to the Federal Circuit Court of Appeals.  Further, the government argues that the Court has no jurisdiction to hear this case under 5 U.S.C. § 2302, a provision of the Civil Service Reform Act ("CSRA"), and that any of Mr. Miller's complaints arising under the CSRA must be filed with the Office of Special Counsel ("OSC").  The Court agrees with the government on both grounds and hereby dismisses this case for lack of subject matter jurisdiction.

---

[2] The plaintiff restarts his numbering on the second page of the Complaint.  Where necessary, the Court distinguishes the paragraphs based on identifying descriptions listed in the Complaint.

## ANALYSIS

Subject matter jurisdiction may be challenged by a party or raised *sua sponte* by the Court at any point in the proceeding.  Fed. R. Civ. P. 12(h)(3); *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982).  A motion to dismiss pursuant to Rule 12(b)(1) may challenge the complaint on its face or based upon additional facts.  "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted).  When reviewing a factual attack supported by affidavits or other documents, the Court makes its own factual findings and, in doing so, does not convert the motion to one brought pursuant to Fed. R. Civ. P. 56.  *Id.* at 1003.

Rule 12(b)(1) concerns whether the Court has jurisdiction to hear the case before it.  "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction."  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  "Jurisdiction is a threshold question that a federal court must address before reaching the merits of a statutory question, even if the merits question is more easily resolved and the party prevailing on the merits would be the same as the party that would prevail if jurisdiction were denied."  *Id.* "[S]tatutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction."  *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."  *Montoya*, 296 F.3d at 955 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

**A. <u>Merit Systems Protection Board Final Order Review</u>.**

After being found ineligible for the Logistics Management Specialist position, Mr. Miller filed a complaint with the MSPB claiming that the Navy violated one or more of his statutory or regulatory veterans' preference rights under the Veterans Employment Opportunities Act of 1998 ("VEOA"). *See* MSPB Initial Decision [ECF No. 34-4]. The MSPB issued a decision on the merits in favor of the government on March 8, 2013, and Mr. Miller subsequently filed a petition for review. The MSPB issued a Final Order on November 27, 2013 affirming the initial decision. MSPB Final Order [ECF No. 34-5]. In all, the Board found that the Navy had not violated a statutory or regulatory provision relating to veterans' preference when it filled the Logistics Management Specialist position. It issued no opinion as to whether the Navy's actions in filling the position were otherwise proper, as it noted that it had no jurisdiction to do so. *See id.* at 3. However, it did find that there was "no merit" to Mr. Miller's argument that the agency's use of Qualifying Ranking Factors violated its internal guidelines. *Id.* at 4. In fact, it found that the guidance "explicitly provides for the use of Quality Ranking Factors." *Id.* at 5.

The Court has reread Mr. Miller's Complaint numerous times and finds that it is unclear whether he is attempting to appeal the MSPB decision through this action. Notably, there is no mention that he is a veteran or any allegation that the Navy violated the VEOA in failing to hire him. If anything, the only ground on which Mr. Miller could be appealing the decision of the MSPB is as to its finding that the Navy was permitted to use Qualifying Ranking Factors when determining eligibility for the contested position. However, the Board's Final Order makes it clear that under 5 U.S.C. § 7703(b)(1)(A), Mr. Miller may only request review of this decision by appealing to the United States Court of Appeals for the Federal Circuit. MSPB Final Order

[ECF No. 34-5] at 8.  Therefore, insofar as Mr. Miller may be attempting to appeal the MSPB Final Order, this Court lacks jurisdiction to hear that appeal.

   **B. <u>Civil Service Reform Act Complaints</u>.**

   On the face of the Complaint, it appears that Mr. Miller is alleging violations of a specific provision of the CSRA: 5 U.S.C. § 2302.  This section is entitled Prohibited Personnel Practices—which Mr. Miller refers to as "PPP" in his Complaint—and lists practices that a governmental agency is prohibited from taking with respect to a number of individuals including job applicants.  Mr. Miller wants this Court to hear his case on the merits.  He would like the Court ultimately to determine whether the Navy committed any of these prohibited personnel practices, specifically those barred by 5 U.S.C. § 2302(b)(1)–(b)(12).  The government argues that there is no private cause of action arising under 5 U.S.C. § 2302, and that any complaint Mr. Miller may have regarding the use of prohibited personnel practices must be brought to the attention of the OSC, not to this Court.

   5 U.S.C. § 1800.1(a) provides that the OSC has investigative jurisdiction over allegations of prohibited personnel practices.  Further, 5 U.S.C. § 1800.1(c) discusses the procedures for filing any such complaint.  Once a complaint is filed, OSC must conduct an investigation.  5 U.S.C. § 1214(a)(1)(A).  If the results of the investigation are not to the complainant's liking, the complainant's "sole remedy is to follow the grievance procedures provided by the [CSRA]." *Nowick v. Strickland*, Nos. 98-1206, 98-1207, 98-1212, 1999 WL 282389, at *1 (10th Cir. Apr. 30, 1999) (citing *United States v. Fausto*, 484 U.S. 439, 454–55 (1988)).  However, should OSC fail to carry out its statutory obligation to investigate, the complainant may file for a writ of mandamus in federal court.  *See e.g.*, *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487,

492 (6th Cir. 2011); *Nowick*, 1999 WL 282389 at *3 (noting its authority to ensure that the OSC complied with its statutory obligations).

A number of circuit courts have found that the comprehensive remedial scheme outlined in the CSRA indicates that Congress intended for such scheme to be exclusive, in turn finding no private cause of action under the statute.  *See e.g.*, *Schrachta v. Curtis*, 752 F.2d 1257, 1260 (7th Cir. 1985); *Veit v. Heckler*, 746 F.2d 508, 511 (9th Cir. 1984); *Carducci v. Regan*, 714 F.2d 171, 175 (D.C. Cir. 1983); *Braun v. United States*, 707 F.2d 922, 925 (6th Cir. 1983).  The Fourth Circuit specifically held that "[t]he absence of a provision for direct judicial review of prohibited personnel actions among the carefully structured remedial provisions of the CSRA is evidence of Congress' intent that no judicial review in district court be available for the actions involved in this case."  *Pinar v. Dole*, 747 F.2d 899, 910 (4th Cir. 1984).  According to the Tenth Circuit (in an unpublished case), the authority of the federal courts "goes no further than ensuring that the OSC complied with its statutory obligations"; it does not extend to review of the merits of the personnel issue.  *Hyde v. Office of Special Counsel*, No. 94-1406, 1995 WL 238340, at *1 (10th Cir. Apr. 21, 1995).

As noted above, the burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.  Mr. Miller has put forth no argument that this Court has jurisdiction over alleged violations of the CSRA, in particular over allegations of prohibited personnel practices. The Court was likewise unable to find authority in support of such a position.  As such, the Court finds that it has no subject matter jurisdiction over these claims.

### C. Right to Sue United States Agency.

Lastly, Mr. Miller contends that this Court has subject matter jurisdiction over his case simply because the Navy is a United States agency.  However, federal law has long held that

"[a]bsent a waiver, sovereign immunity shields the Federal Government *and its agencies* from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (emphasis added) (citations omitted).  The presumption, therefore, is that the Navy is immune from suit.  As Mr. Miller has made no showing that such immunity has been waived, the Court finds this jurisdictional assertion unavailing.

## CONCLUSION

I understand that Mr. Miller believes that the government is using unfair legal maneuvers to prevent this Court from hearing the case on the merits.  However, a court cannot hear a case if it does not have jurisdiction over the matter.  Therefore, even if I want to hear this case on the merits, I cannot do so.

## ORDER

For the foregoing reasons, Defendant's Motion to Dismiss [ECF No. 34] is GRANTED WITHOUT PREJUDICE.  As the prevailing party the defendant is awarded its costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 23rd day of July, 2014.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge